B. Otis Felder (State Bar No. 173268)
Email: Otis.Felder@wilsonelser.com
Sue H. Kim (State Bar No. 310334)
Email: Sue.Kim@wilsonelser.com
**WILSON, ELSER, MOSKOWITZ,
    EDELMAN & DICKER LLP**
555 South Flower Street, Suite 2900
Los Angeles, California 90071-2407
Telephone:(213) 443-5100
Facsimile: (213) 443-5101

Attorneys for Defendant,
THE REALTY ASSOCIATES FUND X, L.P.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA – SOUTHERN DIVISION

| | |
|---|---|
| GWENDOLYN WILSON, an individual,<br><br>                Plaintiff,<br><br>v.<br><br>UNITED PARCEL SERVICE, INC., a business organization, form unknown; UPS GROUND FREIGHT, INC., a business organization, form unknown; DAVID BOREMAN, an individual; PROLOGIS-EXCHANGE 6545 CABALLERO BLVD LLC, THE REALTY ASSOCIATES FUND X, LP, and DOES 3-100,<br>                Defendants. | Case No.:<br><br>**NOTICE OF REMOVAL BY DEFENDANT THE REALTY ASSOCIATES FUND X, L.P. PURSUANT TO 28 U.S.C. §§ 1332(a), 1441(b) & 1446**<br><br>Orange County Superior Court Case No.: 30-2019-01090753-CU-PA-CJC |
| UPS GROUND FREIGHT, INC. DAVID BOREMAN,<br><br>                Cross-Complainants,<br><br>v.<br><br>PROLOGIS-EXCHANGE 6545 CABALLERO BLD LLC; REALTY ASSOCIATES FUND X, L.P.; AND ROES 1-100, Inclusive,<br><br>                Cross-Defendants. | |

   TO THE CLERK OF THE UNITED STATES DISTRICT COURT FOR THE CENTRAL DISTRICT OF CALIFORNIA AND ALL PARTIES:

1

NOTICE OF REMOVAL
3746829v.1

PLEASE TAKE NOTICE that Defendant, THE REALTY ASSOCIATES FUND X, L.P. ("Defendant" and/or "RAF X"), a citizen of Delaware and Massachusetts, hereby removes this action from the Superior Court of the State of California for the County of Orange, to the United States District Court for the Central District of California, Southern Division, pursuant to 28 U.S.C. §§ 1332, 1441, and 1446.  In sum, the Court has diversity jurisdiction as Plaintiff GWENDOLYN WILSON and Defendants are not citizens of the same state and the amount in controversy exceeds $75,000.

More specifically, the grounds for removal are as follows:

## I.     BACKGROUND AND PROCEDURAL HISTORY.

1.     Plaintiff GWENDOLYN WILSON ("Plaintiff") filed a Complaint and thereby commenced an action in the Superior Court of the State of California for the County of Orange, titled *Gwendolyn Wilson v.  United Parcel Service, Inc. et al.*, Case No. 30-2019-01090753-CU-PA-CJC ("State Court Action"), a true and correct copy of which is attached hereto as **Exhibit 1**.

2.     On September 1, 2020, Plaintiff amended her Complaint to replace "DOE 2" with Defendant RAF X, although has yet to serve it with a Summons through its registered agent or otherwise.  True and correct copies of Plaintiff's Amendment to Complaint are attached hereto as **Exhibit 1A**.

## II.     TIMELINESS, JOINDER, AND VENUE

3.     This Notice of Removal is timely filed under 28 U.S.C. § 1446(b) because it is filed within the required period as Defendant RAF X has not yet been served with Plaintiff's Summons & Complaint.  *See* 28 U.S.C. § 1446(b)(2)(B) ("Each defendant shall have 30 days after receipt by or service on that defendant of

2

the initial pleading or summons described in paragraph (1) to file the notice of removal"); Fed. R. Civ. P. 6(a)(1); *see Wensil v. E.I. DuPont De Nemours & Co.*, 792 F. Supp. 447, 448-49 (D.S.C. 1992). Service of process remains the official trigger for responsive action by the named defendant and the "receipt" of a complaint by any other means is not sufficient. *Murphy Bros. v. Michetti Pipe Stringing*, 526 U.S. 344, 347-348 (1999) (removal timely if filed within 30 days of formal service of summons and complaint); *Quality Loan Serv. Corp. v. 24702 Pallas Way*, 635 F.3d 1128, 1133 (9th Cir. 2011) (same). All defendants, properly joined and served have consented to removal, and such is timely when defendants are served at different times and a later added defendant files a notice of removal and any served earlier defendant(s) has consented to the removal even though the earlier served defendant(s) did not previously initiate or consent to removal. 28 U.S.C. § 1446(b)(2)(C). Moreover, Plaintiff's failure to join and serve RAF X timely and/or Plaintiff's deliberately failure to delay service and to disclose the amount in controversy should be deemed in bad faith to try to prevent RAF X from removing the action.

4.      The United States District Court for the Central District of California is the proper venue for this action. *See* 28 U.S.C. §§ 1441(a), 1446(a); C.D. Cal. General Order No. 16-05, § I.B.1.b. Venue is proper in that the boundaries of the United States District Court for the Central District of California, Southern Division, pursuant to 28 U.S.C. §84(c), includes the County of Orange.

5.      Pursuant to 28 U.S.C. § 1446, a copy of this Notice of Removal, together with copies of all process, pleadings and orders served on Defendant RAF X, is being filed with the Superior Court of California, County of Orange, and will

NOTICE OF REMOVAL
3746829v.1

be served on Plaintiff and all other parties named as defendants in this action.

6.     This Notice of Removal is signed pursuant to Rule 11 of the Federal Rules of Civil Procedure, as required by 28 U.S.C. § 1446(a).

## III.   REMOVAL IS PROPER BECAUSE THIS COURT HAS DIVERSITY JURISDICTION.

7.     The Court has diversity jurisdiction over this civil action under 28 U.S.C. § 1332.  As detailed below, this action is removable pursuant to 28 U.S.C. § 1441 because there is complete diversity between the properly named parties and the amount in controversy exceeds the jurisdictional minimum.

### A.   Diversity of Citizenship.

8.     For purposes of diversity jurisdiction, a natural person's citizenship is determined by his "domicile," which is defined as his "permanent home, where she resides with the intention to remain or to which she intends to return." *Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001).  In the Traffic Collision Report (a true and correct copy of the first page submitted as **Exhibit 1B**), Plaintiff's address is provided as located at Ladera Ranch, California, which is in Orange County.  Therefore, Defendant RAF X is informed and believes Plaintiff is a citizen of California.

9.     Likewise as Defendant David Boreman's address is provided in the Traffic Collision Report as located in Beach City, Ohio, Defendant RAF X is informed and believes Defendant Boreman is a citizen of Ohio.  *See* Exh. 1B. Accordingly, pursuant to 28 U.S.C. § 1332(c)(1), Defendant David Boreman is, and at all relevant times was, not a citizen of California and diverse in citizenship with Plaintiff who is a California citizen.

4

10.     According to the California Secretary of State's business search on its public record webpage, Defendant UNITED PARCEL SERVICE, INC. is formed under the laws of Ohio with its principal executive office located in Atlanta, Georgia.  Accordingly, Defendant RAF X is informed and believes Defendant UNITED PARCEL SERVICE, INC. is a citizen of Ohio and Georgia. *See Hertz Corp. v. Friend*, 559 U.S. 77, 80–81 (2010) (adopting the "nerve center test," which locates a corporation's principal place of business in the place "where the corporation's high level officers direct, control, and coordinate the corporation's activities," "typically" the corporation's headquarters).  Pursuant to 28 U.S.C. § 1332(c)(1), Defendant UNITED PARCEL SERVICE, INC  is, and at all relevant times was, not a citizen of California and is diverse in citizenship with Plaintiff who is a California citizen.  In addition, as Plaintiff has dismissed UNITED PARCEL SERVICE, INC. (see Request for Dismissal, a true and correct copy attached as **Exhibit 1C**), the citizenship of said defendant should be disregarded for purposes of determining jurisdiction under 28 U.S.C. § 1332 and 28 U.S.C. § 1441(b) as it no longer is a party to the action and Plaintiff cannot recover against it.

11.     According to the California Secretary of State's business search on its public record webpage, Defendant UPS GROUND FREIGHT, INC. is formed under the laws of Virginia with its principal executive office located in Richmond, Virginia.  Accordingly, Defendant RFA X is informed and believes Defendant UNITED PARCEL SERVICE, INC. is a citizen of Virginia. *See Hertz,* 559 U.S. at 80–81.  Pursuant to 28 U.S.C. § 1332(c)(1), Defendant UPS GROUND FREIGHT, INC. is, and at all relevant times was, not a citizen of California and diverse to Plaintiff who is a California citizen.

12.     For the purposes of 28 U.S.C. § 1332 and determining diversity jurisdiction, "an LLC is a citizen of every state of which its owners/members are citizens." *Johnson v. Columbia Props. Anchorage, LP*, 437 F.3d 894, 899 (9th Cir. 2006).  According to the California Secretary of State's business search on its public record webpage, Defendant PROLOGIS-EXCHANGE 6545 CABALLERO BLD LLC ("Prologis-Exchange"), was a Delaware entity with its principal address located in Denver, Colorado but cancelled its registration as of January 12, 2015.  Pursuant to 28 U.S.C. § 1332(c)(1), Defendant Prologis-Exchange is, and at all relevant times was, not a citizen of California and diverse to Plaintiff who is a California citizen.  Regardless, Defendant Prologis-Exchange citizenship should be disregarded for purposes of determining jurisdiction under 28 U.S.C. § 1332 and 28 U.S.C. § 1441(b) for either of two reasons.  *First*, no proof of service by Plaintiff has been filed as to Defendant Prologis-Exchange, and Defendant RAF X is informed and believes that Defendant Prologis-Exchange has not been properly served the Summons & Complaint, and thus, pursuant to 28 U.S.C. § 1441(b)(2), its citizenship is not a bar to removal.  *See, e.g., Dechow*, 358 F. Supp. 2d at 1054-55; *see also Jacob v. Mentor Worldwide, LLC*, 393 F. Supp. 3d 912, 920 (C.D. Cal. 2019).  *Second*, its citizenship should be disregarded on the ground that there is no possibility that Plaintiff will be able to establish liability against it because it had no involvement whatsoever with the subject incident involving a motor vehicle accident as alleged in Plaintiff's Complaint. *See Jacob v. Mentor Worldwide, LLC*, 393 F. Supp. 3d at 920.  *See also* 28 U.S.C. § 1441(b) ("In determining whether a civil action is removable on the basis of the jurisdiction under section 1332(a) of this title, the citizenship of defendants sued under fictitious names shall be disregarded.").

13.     For purposes of diversity jurisdiction, a limited partnership shares the citizenship of all of its partners.  *See Nugget Hydroelectric, L.P. v. Pac. Gas & Elec. Co.*, 981 F.2d 429, 438 (9th Cir. 1992).  Defendant THE REALTY

ASSOCIATES FUND X, L.P. ("RAF X"), a Delaware limited partnership located in Boston, Massachusetts, identifies its general partners as Realty Associates Fund X REIT, LLC, a Delaware limited liability headquartered in Boston, Massachusetts, and Realty Associate Fund X, LLC, a Delaware limited liability company also headquartered in Boston, Massachusetts. Nonparty Realty Associates Fund X REIT, LLC is managed by Realty Associates Fund X, LLC through its general partner, TA Realty, LLC as is The Realty Associates Fund X LLC. Non-party TA Realty, LLC, a Massachusetts limited liability company headquartered in Boston, Massachusetts, identifies its managers as James Buckingham, Junji Inagawa, Keiji Takano, Mansanori Iwasi, Michael Ruane, Kojima Shojiro, and Thomas Landry, all of whom are identify their addresses as located in Boston, Massachusetts. Accordingly, Defendant RAF X is a citizen of Delaware and Massachusetts, and pursuant to 28 U.S.C. § 1332(c)(1), Defendant RAF X is, and at all relevant times was, not a citizen of California and is diverse in citizenship to Plaintiff who is a California citizen.

14. Based on the foregoing, complete diversity exists between Plaintiff (California) and all properly joined and served Defendants (Virginia, Delaware and/or Massachusetts) pursuant to 28 U.S.C. § 1332(a)(1). In addition, diversity exists between Plaintiff (California) and Defendant Prologis-Exchange (Colorado) even though Defendant Prologis-Exchange has not yet been properly served by Plaintiff and Plaintiff's Complaint states no viable cause of action against it. Moreover, complete diversity also exists between cross-defendants and their claims even though such is not required for purposes of establishing jurisdiction over those claims. *Cam-Ful Indus. Inc. v. Fidelity & Deposit Co. of Maryland,* 922 F.2d 156 (2d Cir. 1991)("[a] cross-claim does not need an independent basis for jurisdiction so long as it satisfies the test for ancillary jurisdiction.").

/ / /

/ / /

**B.   Amount in Controversy.**

15.   The test for determining whether the minimum amount in controversy requirement is satisfied is whether it is "more likely than not" that plaintiff is seeking to recover more than $75,000 in this action, exclusive of interest and costs. *See Dart Cherokee Basin Operating Co., LLC v. Owens*, 135 S.Ct. 547, 553 (2014) ("[W]hen a defendant seeks federal-court adjudication, the defendant's amount-in-controversy allegation should be accepted when not contested by the plaintiff or questioned by the court.").

16.   Although the Plaintiff's Complaint (Exhibit 1) does not state the amount of damages sought and that Defendant RAF X denies any liability as to Plaintiff's claims, this Court's jurisdictional minimum, an amount in controversy in excess of $75,000, is satisfied by Plaintiff in that her counsel represented Plaintiff's medical bills for which she seeks reimbursement as a result of the injury she sustained exceeds $75,000, Plaintiff's workers' compensation carrier has filed a lien for $98,379.01 (*see* Exhibit 1D), and Defendant RAF X is informed and believes from representation by her counsel that Plaintiff made a demand to Defendant UPS in excess of $75,000.

17.   As such, the amount in controversy exceeds the jurisdictional minimum amount of $75,000 and this action is properly removed to this Court.

**IV.   CONCLUSION**

18.   Wherefore, Defendant RAF X prays that this Action be removed to this Court, that any further proceedings in the State Court Action be stayed, and that Defendant receives all additional relief to which it is entitled.

/ / /

8

NOTICE OF REMOVAL
3746829v.1

1

2   Dated: October 22, 2020

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Respectfully submitted,

WILSON, ELSER, MOSKOWITZ,
    EDELMAN & DICKER LLP

By:  */s/ B. Otis Felder*

    B. Otis Felder
    Sue H. Kim
    Attorneys for Defendant
    THE REALTY ASSOCIATES FUND
    X, L.P.

9

# CERTIFICATE OF SERVICE

I hereby certify that on **October 22, 2020**, I served the document(s) described as **NOTICE OF REMOVAL BY DEFENDANT THE REALTY ASSOCIATES FUND X, L.P. PURSUANT TO 28 U.S.C. §§ 1332(a), 1441(b) & 1446** to be served on the interested parties in this action addressed as follows:

## SEE ATTACHED SERVICE LIST

☒        **BY MAIL:**  By placing a copy of the same in the United States Mail, postage prepaid, and sent to their last known address(es) listed below.

[  ]        **BY ELECTRONIC TRANSMISSION:**  I electronically filed the above document(s) with the Clerk of the Court using the CM/ECF system.  The CM/ECF system will send notification of this filing to the person(s) listed below.

I declare under penalty of perjury under the laws of the State of California, that the above is true and correct.

Executed on **October 22, 2020,** at Los Angeles, California.


*Veronica Lopez*
Veronica Lopez

NOTICE OF REMOVAL
3746829v.1

1

2

# SERVICE LIST

| | |
|---|---|
| Atticus N. Wegman, Esq.<br>AITKEN AITKEN COHN<br>3 MacArthur Place, Suite 800<br>Santa Ana, CA 92707<br>Tel: (714) 434-1424 / Fax: (714) 434-3600<br>Email: atticus@aitkenlaw.com<br>Email: mailbox@aitkenlaw.com<br>Email: krist@aitkenlaw.com | Attorney for Plaintiff,<br>GWENDOLYN WILSON |
| Robert A. Morgenstern, Esq.<br>Ninos Saroukanioff, Esq.<br>P. Molly Ford, Esq.<br>MARANGA MORGENSTERN, APC<br>5850 Canoga Avenue, Suite 600<br>Woodland Hills, CA  91367<br>Tel: (818) 587-9146 / Fax: (818) 587-9747<br>Email: bob.morgenstern@marmorlaw.com<br>Email: Ninos@marmorlaw.com | Attorneys for Defendant,<br>UPS GROUND FREIGHT INC. |
| David A. Shimkin, Esq.<br>COZEN O'CONNOR<br>601 S. Figueroa Street, Suite 3700<br>Los Angeles CA 90017<br>Tel: 213.892.7900 / Fax: 213.892.7999<br>Email:  dshimkin@cozen.com | Attorneys for Cross-Defendant,<br>PROLOGIS-EXCHANGE 6545<br>CABALLERO BLVD, LLC |
| Suzanne T. Norris, Esq.<br>LAW OFFICES OF JOHN A. HAUSER<br>One Pointe Drive, 6th Floor<br>Brea, CA  92821<br>Tel: (714) 571-0407 / Fax: (877) 369-5799<br>Email: Suzanne.Norris@thehartford.com<br>Email: LawOfficesHauser@thehartford.com<br><br>Mailing Address:<br>P.O. Box 2282<br>Brea, CA  92822 | Attorneys for Lien Holder,<br>HARTFORD ACCIDENT & INDEMNITY<br>COMPANY |

NOTICE OF REMOVAL
3746829v.1